**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Atlantic Recording Corp., *et al.*,**

**Plaintiffs,**

**v.**

**Designer Brands Inc., *et al.*,**

**Defendants.**

**Case No. 2:25-cv-479**

**Judge Michael H. Watson**

**Magistrate Judge Shimeall**

## OPINION AND ORDER

This matter is before the Court on Designer Brands Inc. ("DBI"), DSW Shoe Warehouse, Inc. ("DSW"), and Topo Athletic LLC's ("Topo") (collectively, "Defendants") motion to dismiss. Mot., ECF No. 68. Defendants argue that dismissal is warranted because a supposedly indispensable party, Designer Brands Canada Inc. ("DBI-Canada"), cannot be joined by Atlantic Recording Corporation, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Elektra Entertainment LLC, Rhino Entertainment LLC, Warner Music International Services Limited, Warner Music Nashville LLC, Warner Records Inc., Cotillion Music, Inc., Gene Autry's Western Music Publishing Co., Unichappell Music Inc., W Chappell Music Corp., W.C.M. Music Corp., Warner Chappell Music, Inc., and Warner-Tamerlane Publishing Corp. (collectively, "Plaintiffs"). *Id.* at PAGEID # 1415. The motion is fully briefed and ripe for review. ECF Nos. 79, 83.

For the reasons below, the Court **DENIES** Defendants' motion to dismiss, Mot., ECF No. 68.

## I. BACKGROUND

Plaintiffs allege the following facts, which the Court accepts as true for purposes of this motion to dismiss.

Plaintiffs own copyrights in music and sue Defendants for direct, contributory, and vicarious copyright infringement[1] based on Defendants' use of Plaintiffs' copyrighted music in social media marketing. *See generally* FAC, ECF No. 19 & at PAGEID # 120.

Defendants are in the shoe industry. *Id.* at PAGEID # 121. DBI, its subsidiaries and affiliated entities (which include DSW and Topo), and its brands (which include Designer Shoe Warehouse, The Shoe Co., Keds, and Topo Athletic) are designers, producers, and retailers of footwear and accessories in the United States and Canada. *Id.*

Defendants market their products through social media platforms such as Instagram and TikTok, as well as via paid partnerships with social media influencers. *Id.* at PAGEID # 122. To help their social media marketing capture their audience's attention, Defendants and their influencers have incorporated Plaintiffs' music into

---

[1] "The Copyright Act does not expressly render anyone liable for infringement committed by another. But courts have filled the Act's silence with common law principles that impose derivative liability on certain parties even when they have not engaged in the infringing activity. That includes two theories relevant here—contributory infringement and vicarious liability." *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 750 (S.D. Ohio 2021) (internal quotations and citations omitted). Contributory infringement "arises where a party intentionally induces or encourages the infringement of another." *Id.* (citation omitted). Vicarious liability "arises when a party has the power to stop or limit the infringing activities of another but declines to do so while also reaping profits from that direct infringement." *Id.* (citation omitted).

videos marketing Defendants' products. *Id.* Defendants distribute their videos to the public through various social media accounts that they maintain. *Id.*

The problem is that Defendants never got permission to use Plaintiffs' copyrighted music in those videos. *Id.* Rather, Defendants allegedly misappropriated over two hundred of Plaintiffs' musical works, driving sales to Defendants, failing to pay Plaintiffs a dime, and depriving Plaintiffs of the ability to control how and where their musical works are used. *Id.* at PAGEID # 123.

Specifically, Defendants' infringing videos were posted to social media channels affiliated with brands owned by Defendants: Topo Athletic (at least 22 videos) and Keds (at least 15 videos). *Id.* at PAGEID # 126. Plaintiffs' FAC also provides some screen captures that show infringing videos—including at least one video created by or at the direction of Defendant DSW—that were posted on social media channels affiliated with Defendants' brands. FAC, ECF No. 19 at PAGEID ## 131–35.

Providing a more fulsome view of Defendants' infringement, Plaintiffs filed an exhibit with their FAC, listing their infringed-upon musical works and indicating which of Defendants' brands infringed each listed work. ECF No. 19-1. That list includes approximately two hundred instances of infringement, the vast majority of which Plaintiffs attribute to brands owned by Defendants, namely: Designer Shoe Warehouse (listed as "DSW", which is a Defendant in this case), Keds (which is not a Defendant), Topo Athletic (which is not a Defendant, though Topo Athletic LLC is), and The Shoe Co. (listed as "The Shoe Company," which is not a Defendant in this

case).[2] *Id.* Plaintiffs attribute seventy-five instances of infringement to Defendants' brand The Shoe Company. Aside from those brands which Defendants allegedly own, Plaintiffs' list also attributes three instances of infringement to "Designer Brands" (which is seemingly Defendant DBI). *Id.*

As to Defendants' involvement with the infringing activities, Defendants themselves create, commission, review, and select videos for use on social media. *Id.* at PAGEID # 129–30. In addition to operating their own brands' social media channels, Defendants also work with social media influencer partners: directing the content of videos posted by their influencer partners; reviewing, promoting, and/or redistributing influencer-made videos; and compensating their influencer partners. *Id.*

On this alleged conduct, Plaintiffs claim, against all Defendants, direct copyright infringement ("Count I"), as well as contributory ("Count II") and vicarious ("Count III") copyright infringement, the latter two counts being predicated on direct infringement by Defendants' influencer partners. *Id.* at PAGEID ## 137–41.

Now, Defendants assert that "The Shoe Company" is a d/b/a of DBI-Canada, which, like The Shoe Company, is not a Defendant in this case. Defendants therefore ultimately seek to dismiss this suit because DBI-Canada is an indispensable party that cannot be joined for want of personal jurisdiction. Mot., ECF No. 68 at PAGEID ## 1414, 1416 (citing Fed. R. Civ. P. 19(b)). As an

---

[2] Plaintiffs generally refer to an entity "The Shoe *Co.*" as one of Defendants' brands, but Defendants generally refer to an entity called "The Shoe *Company*." It is unclear whether the parties refer to different entities. The Court resolves any ambiguity in favor of Plaintiffs, the nonmovants here.

alternative to dismissal, Defendants ask the Court to "shape appropriate and equitable relief under Rule 19(b)(2)" by striking all allegations against social media accounts associated with The Shoe Company or DBI-Canada.[3] *Id.* at PAGEID # 1416. Thus, Defendants ultimately request the Court to "sever and dismiss The Shoe Company's posts from the lawsuit." *Id.* at PAGEID # 1423.

## II. ANALYSIS

Defendants argue dismissal is appropriate because, in their view, some of Plaintiffs' direct infringement claims rely on Canadian social media posts made by one of Defendants' alleged brands, The Shoe Company, which is merely the d/b/a name of DBI-Canada, a Canadian corporation over which the Court lacks personal jurisdiction.

Rule 12(b)(7) provides for dismissal for failure to join a necessary party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). Whether joinder is proper under Rule 19 is a three-step process:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a).
>
> Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction.
>
> Third, if joinder is not feasible because it will eliminate the court's ability to hear a case, the court must analyze the Rule 19(b) factors to

---

[3] To the extent that Defendants' request to strike The Shoe Company-related allegations can be construed as a motion to strike under Federal Rule of Civil Procedure 12(f), Defendants' motion is untimely. When a party seeks to strike material from a pleading, they must move "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Defendants answered the FAC more than a year ago. ECF No. 20.

> determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Spielman v. IMG Coll., LLC*, No. 2:17-cv-612, 2019 WL 13044154, at *3 (S.D. Ohio Nov. 27, 2019) (quotation omitted). "If the party is not necessary, no further analysis is required." *Id.* (citation omitted).

As for the first step, Rule 19(a)(1) instructs that a required (*i.e.*, necessary) party is one where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* (quoting Fed. R. Civ. P. 19(a)(1)).

**A. Complete Relief**

Defendants argue that the Court could not afford Plaintiffs complete relief if Plaintiffs proved their "direct infringement claims against The Shoe Company's posts," because Plaintiffs could only obtain relief from the direct infringer: The Shoe Company, a d/b/a of DBI-Canada, which is a non-party. Mot., ECF No. 68 at PAGEID # 1423. Defendants argue that Plaintiffs' judgment could thus only be fully satisfied if DBI-Canada was a named defendant. *Id.* at PAGEID # 1424.

Plaintiffs respond that DBI-Canada is a joint tortfeasor, which is not a necessary party. Resp., ECF No. 79 at PAGEID # 1613. Indeed, in a copyright infringement suit, all infringers are jointly and severally liable, and a copyright plaintiff may choose whom to sue and is not required to join all infringers in a single action. *Ohio State Univ. v. Teespring, Inc.*, No. 2:14-cv-397, 2015 WL 13016358, at *2 (S.D. Ohio Apr. 13, 2015) (citation omitted).

Defendants—attempting to head off this conclusion based on joint-and-several liability—assert that "this case is distinguishable from cases involving joint tortfeasors or where a plaintiff pursues alternative claims that seek to hold a party liable for a non-party's actions." Mot., ECF No. 68 at PAGEID # 1424. But Defendants offer no argument aside from citing an out-of-circuit bankruptcy case that found a party necessary because, under applicable state law, there was a chance that joint-and-several liability would not be triggered. *Id.* Defendants point to no similar risk that federal copyright law would fail to trigger joint-and-several liability here.

Sidestepping federal copyright law's clear provision of joint-and-several liability, Defendants quibble about whom Plaintiffs name in the FAC. Specifically, Defendants seem to argue that DBI-Canada is not a joint tortfeasor *vis-à-vis* The Shoe Company's posts because Plaintiffs' FAC fails to name DBI-Canada as a defendant and fails to allege that it directly or indirectly infringed the copyrights. Reply, ECF No. 83 at PAGEID ## 1753, 1755–57. But naming or making allegations against a copyright infringer is not what makes them a joint tortfeasor. Rather, an act that directly or indirectly infringes a copyright makes the actor a joint

tortfeasor. And whether DBI-Canada actually did infringe is irrelevant because "the *possibility* of related third-party liability—either by way of joint liability, contribution, or vicarious liability—does not require the joinder of those parties to a single suit." *Malibu Media, LLC v. Patel*, No. 2:14-cv-559, 2015 WL 12698035, at *1 (S.D. Ohio May 12, 2015) (emphasis added).

Finally, the Court need not determine whether Plaintiffs' FAC asserts that Defendants are contributorily or vicariously liable for DBI-Canada's conduct. No answer to that question changes the reality that DBI-Canada is not an indispensable party. If Defendants are correct that, *vis-à-vis* DBI-Canada's actions, Plaintiffs bring no claim for contributory or vicarious liability, then the correct procedural vehicle is to bring a "wrong man" argument in a motion to dismiss for failure to state a claim.[4] Fed. R. Civ. P. 12(b)(6). On the other hand, if Plaintiffs have claimed contributory or vicarious liability predicated on DBI-Canada's conduct, then DBI-Canada, as a joint tortfeasor, is clearly not indispensable.

**B. Substantial Interest**

As an alternative grounds for finding DBI-Canada is a necessary party, Defendants argue that DBI-Canada has a substantial interest in this case that would

---

[4] Indeed, Defendants' indispensable-party arguments, at times, have the essence of a "wrong man" argument, much as Plaintiffs contend (though Defendants reject this characterization). *See, e.g.*, Mot., ECF No. 68 at PAGEID # 1424 ("DBI-Canada is the only putative direct infringer"); Reply, ECF No. 83 at PAGEID # 1754 ("Plaintiffs have wrongly attributed The Shoe Company accounts to DSW"); *id.* at PAGEID # 1755 ("Defendants [are not] liable for DBI-Canada's social media posts"). But, even if the Court generously construed Defendants' "wrong man" argument as a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), that argument is not developed enough for the Court to reach the merits.

be impaired by its absence. Mot., ECF No. 68 at PAGEID # 1424. Specifically, Defendants say that DBI-Canada, "as a Canadian company posting in Canada under Canadian law," has an "interest in having Canadian law apply to any accused conduct," and that this interest is unrepresented by having only Defendants, non-Canadians, in the suit. Reply, ECF No. 83 at PAGEID # 1759.

Defendants cite no case law to support this proposition and make no showing that this purported interest is substantial, as necessary to clear step one of Rule 19's three-step process. At best, Defendants, in their argument under Rule 19's third step, assert that "rendering a judgment against DBI-Canada's posts on The Shoe Company's account without the presence of DBI-Canada violates due process," "prejudice[s] DBI-Canada's rights and defenses under Canadian law," and "interfere[s] with operation of the Canadian legal system regarding alleged copyright infringement in Canada." Mot., ECF No. 68 at PAGEID # 1427.

Defendants miss the mark. First, a court does not impose copyright infringement liability against social media *posts*; it holds *persons* liable of their conduct associated with such postings. 17 U.S.C. § 501(a) ("*Anyone* who violates [a copyright owner's rights] . . . is an infringer . . . ." (emphasis added)). Second, DBI-Canada is not a named defendant, so the Court cannot impose any liability upon it. Third, even if DBI-Canada has some abstract interest in having Canadian law apply to its conduct disputed in a suit between third-parties, this interest is not substantial because "United States copyright laws do not have extraterritorial operation." *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 778 (S.D. Ohio 2021) (quotation omitted). So, if all DBI-Canada's infringing conduct occurred abroad, then

United States copyright law would not apply. Of course, if DBI-Canada *did* perform some act of infringement in the United States, then it could assert no legitimate interest in having its U.S. actions exempted from U.S. law.

Even if Defendants were ultimately assessed damages tied to DBI-Canada's foreign conduct, this still would not impair any interest DBI-Canada may have in having Canadian law applied to its Canadian conduct. This conclusion follows from the rule that foreign violations-based damages can only be recovered to the extent they are "directly linked to domestic infringements." *Id.* For this exception to apply, a plaintiff "must show (1) a domestic violation of the [U.S.] Copyright Act, and (2) damages flowing from foreign exploitation of that infringing act." *Id.* at 779. Thus, it is not truly DBI-Canada's foreign conduct that creates liability under domestic copyright law. Rather, Defendants' domestic conduct creates that liability, and their liability simply flows to its foreign profits.

To put this principle in terms of DBI-Canada's asserted interest, U.S. copyright law would not apply to DBI-Canada's foreign infringing conduct. Rather, U.S. copyright law would apply to Defendants' domestic infringing conduct and would operate abroad only to ensure Defendants' liability is not cut short merely because its domestic violations accrued profits abroad. *See Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 419 (2023) ("If the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application of the statute, even if other conduct occurred abroad. And if the relevant conduct occurred in another country, then the case involves an

impermissible extraterritorial application regardless of any other conduct that occurred in U. S. territory." (citation modified)).

## III. CONCLUSION

For the above reasons, Defendants' motion to dismiss, Mot., ECF No. 68, is **DENIED**.

The Clerk shall terminate ECF No. 68 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**